**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1255
_____

YU ZHAN LIN,

         Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

         Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A087-978-693)
Immigration Judge:  Honorable Frederic G. Leeds
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 11, 2013

Before: FISHER, GARTH and ROTH, Circuit Judges

(Opinion filed:  September 16, 2013)
_____

OPINION
_____

PER CURIAM

   Yu Zhan Lin petitions for review of the Board of Immigration Appeals' ("BIA")

final order of removal.  We will deny the petition.

1

I.

Lin is a citizen of China who entered the United States without having been admitted or paroled and who concedes that he is removable on that basis. Lin applied for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") on the ground that he suffered and fears mistreatment for having resisted China's family planning policies. Lin and his wife have one child (both his wife and child remain in China). Lin claims that, when his wife became pregnant again, Chinese authorities forced her to have an abortion. Lin further claims that he confronted the officials, who "hit" and "beat" him and then called police to accuse him of having attacked them. The police beat Lin with batons, causing bruising on his "body, back, legs, everywhere," and then detained him for eight days. When the police released him, they warned him that that they would put him in jail if he "caused trouble" again. Lin did not seek or require medical treatment for his injuries, and he left for the United States approximately one year later.

The Immigration Judge ("IJ") found Lin credible but denied relief. In particular, the IJ concluded that Lin's mistreatment did not rise to the level of persecution and that he had not otherwise shown a well-founded fear of persecution because his fear of again being punished by Chinese authorities was too speculative. The IJ further concluded that Lin had not shown a likelihood of persecution for purposes of withholding of removal or a likelihood of torture for purposes of CAT. The BIA dismissed Lin's appeal after

2

finding no basis to disturb the IJ's conclusions. Lin petitions for review.[1]

## II.

The Government argues that Lin has waived all issues on review because he has raised no specific challenge to any aspect of the BIA's decision. It is true that Lin does not expressly assert that the BIA erred in any particular respect, but his brief can be read to assert two challenges to its ruling. Each lacks merit.

First, Lin argues that his mistreatment by Chinese authorities constitutes past persecution giving rise to a rebuttable presumption that he has a well-founded fear of persecution in the future. See Chen v. Ashcroft, 381 F.3d 221, 224 (3d Cir. 2004). "While this Court has not yet drawn a precise line concerning where a simple beating ends and persecution begins, our cases suggest that isolated incidents that do not result in serious injury do not rise to the level of persecution." Voci, 409 F.3d at 615. We have held on numerous occasions that mistreatment similar to Lin's is of that kind. See, e.g., Chen, 381 F.3d at 223, 234-35 (beating by family planning officials that did not require medical treatment together with fiancee's forced abortion); Jarbough, 483 F.3d at 191 (two detentions and a beating that resulted in bruising but that did not require medical

---

[1] We review the IJ's and BIA's decisions together because the BIA both agreed with the IJ's decision and added some of its own reasoning. Voci v. Gonzales, 409 F.3d 607, 612-13 (3d Cir. 2005). We review the IJ's factual findings for substantial evidence and may not disturb them unless "any reasonable adjudicator would be compelled to conclude to the contrary." Lin-Zheng v. Att'y Gen., 557 F.3d 147, 155 (3d Cir. 2009) (quoting 8 U.S.C. § 1252(b)(4)(B)). "Whether an applicant has demonstrated past persecution is a factual determination reviewed under the substantial evidence standard." Jarbough v. Att'y Gen., 483 F.3d 184, 191 (3d Cir. 2007) (quotation marks omitted).

attention). Lin argues that his mistreatment rises to the level of persecution when considered cumulatively with his wife's forced abortion, but the BIA expressly considered them in the aggregate (BIA Dec. at 2), and we cannot say that the evidence compelled it to conclude to the contrary. See Chen, 381 F.3d at 223, 234-35 (rejecting argument that "the beatings [petitioner] suffered at the hands of government officials combine with the forced abortion . . . in such a way as to constitute past persecution").

Second, Lin challenges the BIA's ruling that he did not otherwise show a well-founded fear of persecution. The BIA concluded that Lin had not shown an objectively reasonable possibility of being subject to persecution on the speculative ground that he might have more children in the future. See Voci, 409 F.3d at 613. Lin argues that the Agency failed to consider whether he might be persecuted on account of his altercation with family planning officials, but the BIA's analysis accounts for that possibility. Lin testified that Chinese authorities warned him upon his release that "if, in the future, I cause trouble again, they will put me in jail." (A.R. 105.) Thus, Lin's own testimony provides no reason to believe that Chinese officials will show any interest in him unless he "cause[s] trouble again," presumably by violating or resisting the family planning laws. The BIA adequately addressed why that speculative possibility does not make him eligible for relief.[2]

For these reasons, we will deny the petition for review.

---

[2] Lin asserts that he is entitled to withholding of removal and relief under CAT because he has satisfied the standard for asylum. Lin has not satisfied the standard for asylum,

4

and even if he had it would not establish his entitlement to these different forms of relief.